ROGERS, Circuit Judge,
concurring:
I concur in granting the petition for review, and denying the Board’s cross-application for enforcement of its Order. With respect to the challenge to the Board’s finding of the appropriateness of the company-wide bargaining unit, Op. Part II.B, I concur for the following reasons. The Board’s decision failed to come to grips with record evidence offered by the petitioner that potentially detracts from the conclusion that the company-wide bargaining unit sought by the Union was appropriate. See Tito Contractors, Inc. v. Int’l Union of Painters & Allied Trades, Dist. Council 51 (AFL-CIO), NLRB Case 05-RC-117169, 2014 WL 6386481 at 1 n.l (Nov. 17, 2014) (“2014 Decision”). As the court recounts, the evidence suggested that the petitioner’s business was divided into two halves, where working conditions varied between and within the two halves. See Op. at 732-34. The Board’s finding is therefore unsupported by substantial evidence in the record as a whole. See Universal Camera Corp. v. NLRB, 340 U.S. 474, 491, 71 S.Ct. 456 (1951); 29 U.S.C. § 160(e).
Of course, in determining whether employees share a “community of interests” making a bargaining unit appropriate, RC Aluminum Industries, Inc. v. NLRB, 326 F.3d 235, 239 (D.C. Cir. 2003), the Board considers a “host of factors” and “no particular factor controls,” id. at 240. But the challenged decision makes it difficult to discern the Board’s rationale for concluding that the petitioner failed to overcome the presumptive appropriateness of the company-wide bargaining unit. See NBCUniversal Media, LLC v. NLRB, 815 F.3d 821, 829 (D.C. Cir. 2016). The Board makes conelusory findings, such as that employees work in a “common geographical region and perform skilled and unskilled physical work.” 2014 Decision at 1 n.l. It also fails to explain why the few facts on which it relies, such as “some evidence” that a single employee “sometimes assists” others, id., should take precedence over other record evidence that appears to detract from the Board’s conclusion, see Op. at 732-34.
On remand, the Board will have the opportunity to address fully the evidence offered by the petitioner regarding the structure and operation of its business that potentially detracts from the Board’s broadly stated conclusion on appropriate *735 ness. See Sundor Brands, Inc. v. NLRB, 168 F.3d 515, 519 (D.C. Cir. 1999); Op. at 732-84. Accordingly, I “express no opinion upon the question whether the factors for which there is support in the record could suffice by themselves to support the Board’s present unit determination.” Sundor Brands, Inc., 168 F.3d at 520. But see Op. at 732-33. It remains open to the Board to reach the same conclusion about the appropriateness of a company-wide bargaining unit upon providing a reasoned explanation that “take[s] into account whatever in the record fairly detracts from its weight.” Universal Camera Corp., 340 U.S. at 488, 71 S.Ct. 456; see NLRB v. Sw. Reg’l Council of Carpenters, 826 F.3d 460, 465-66 (D.C. Cir. 2016). There is no occasion to comment further, as “clarity” in explication of its opinion, not particular formatting, is what is asked of the Board. Shepard v. NLRB, 459 U.S. 344, 350, 103 S.Ct. 665, 74 L.Ed.2d 523 (1983) (quoting Phelps Dodge Corp. v. NLRB, 313 U.S. 177, 197, 61 S.Ct. 845, 85 L.Ed. 1271 (1941)). But see Concurring Op. (Henderson, J.).